**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

GrandSouth Bank, Appellant,

v.

Cleveland Land Company, Inc., Walter C. Robinson, and Albert E. Fitzgerald, Defendants,

Of Whom Walter C. Robinson is the Respondent.

Appellate Case No. 2014-002384

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

Unpublished Opinion No. 2015-UP-470
Submitted August 1, 2015 – Filed October 7, 2015

**AFFIRMED**

Aimee Victoria-Ann Leary and Wendell Leon Hawkins, both of Wendell L. Hawkins, PA, of Greer, for Appellant.

Rodney F. Pillsbury, of Pillsbury & Read, PA, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 15-39-30 (2005) ("Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof, and this whether any return may or may not have been made during such period on such executions."); *Linda Mc Co. v. Shore*, 390 S.C. 543, 554-55, 703 S.E.2d 499, 505 (2010) (recognizing section 15-39-30 operates similarly to a statute of limitations in certain circumstances); *id.* at 554, 703 S.E.2d at 505 ("[W]hen a party has complied with the applicable statutes . . . and is merely waiting on a court's order regarding execution and levy, the ten[-]year limitation found in section 15-39-30 is extended to when the court finally issues an order."); *id.* at 555, 703 S.E.2d at 505 (holding an order to execute and levy upon the assets of a judgment debtor was effective because it was the result of a petition for supplemental proceedings filed *before* the expiration of the ten-year limitation under section 15-39-30); *id.* at 554, 703 S.E.2d at 505 (emphasizing the court's holding was narrow and should be limited to facts similar to those at issue in that case).

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.